ALVA U. WILLIS, RESPONDENT, v. JOB A. STAPELS AND
CICERO D. DAVIS, APPELLANT.

*Injunction — not granted to restrain the illegal incorporation of a village.*

APPEAL from an order denying a motion to vacate a temporary injunction, restraining the holding of an election to promote the organization of the village of Elba.

*In the Matter of the Village of Elba (supra, p.* 548), it was decided by this General Term that the proceedings taken for the incorporation of the village were irregular and illegal.

The court at General Term said: "His (the plaintiff's) remedy for any injury which may come to him by reason of those proceedings may be redressed by the usual modes of the law, or under the statute under which the defendants' sought to take their proceedings. (1 R. S. [7th ed.], 884, 886.) The defendants' under the proceedings taken to organize the village will not injure the plaintiff's property beyond legal redress. We do not see in the papers used upon the motion a proper case for an injunction. (*People ex rel. Kingsland* v. *Clark*, 70 N. Y., 518; *People* v. *Carpenter*, 24 id., 86; 1 R. S. [7th ed.], 886; *Clinton Institute* v. *Fletcher*, 55 How., 431.) We think the order refusing to dissolve the injunction should be reversed, with ten dollars costs and disbursements, and the injunction dissolved with ten dollars costs."

*William C. Watson* and *George Bowen*, for the appellants.

*M. H. Peck, Jr.*, for the respondents.

Opinion by HARDIN, J.; SMITH, P. J., and BARKER, J., concurred.

Order denying motion to dissolve injunction reversed, with ten dollars costs and disbursements, and injunction dissolved, with ten dollars costs.